IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| COBBLER NEVADA, LLC and<br>CLEAR SKIES NEVADA, LLC,<br><br>               Plaintiffs,<br><br>     v.<br><br>SHAWNA MOSS,<br><br>               Defendant. | Case No. 3:15-cv-01915-SB<br><br>**FINDINGS AND RECOMMENDATION** |

**BECKERMAN, Magistrate Judge.**

      Plaintiffs Cobbler Nevada, LLC and Clear Skies Nevada, LLC ("Plaintiffs") filed this action against Shawna Moss ("Moss"), alleging a claim for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1332. Plaintiffs now move, pursuant to Federal Rule of Civil Procedure ("Rule") 55(b), for entry of default judgment against Moss. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. For the reasons that follow, the district judge should grant Plaintiffs' motion for default judgment.

Page 1- FINDINGS AND RECOMMENDATION

## BACKGROUND

Plaintiff Cobbler Nevada, LLC ("Cobbler Nevada") is a limited liability company with principal offices in Los Angeles, California, and is the registered copyright holder of the motion picture *The Cobbler*. (First Am. Compl. ¶ 4.) Plaintiff Clear Skies Nevada, LLC ("Clear Skies Nevada") is a limited liability company with principal offices in Los Angeles, California, and is the registered copyright holder of the motion picture *Good Kill*. (First Am. Compl. ¶ 5.)

Cobbler Nevada initiated this action on Oct. 9, 2015, against a Doe defendant known only through an Internet Protocol ("IP") address. (Compl. ¶ 12.) In its initial Complaint, Cobbler Nevada alleged that an individual used the IP address to copy and publish *The Cobbler*, via the BitTorrent network.[1] (Compl. ¶¶ 12, 14.) During initial discovery, the Internet Service Provider (Comcast) identified Shawna Moss, of Gresham, Oregon, as the subscriber associated with the IP address. (Drew P. Taylor Decl. ¶ 3, Feb. 24, 2016.)

On June 20, 2016, Cobbler Nevada, joined by Clear Skies Nevada, filed a First Amended Complaint ("FAC"), naming Moss as the infringer in this action. Plaintiffs alleged in the FAC that Moss, "without the permission or consent of [P]laintiffs, copied and distributed [P]laintiffs' motion pictures through a public BitTorrent network." (First Am. Compl. ¶ 19.)

On July 11, 2016, Plaintiffs effected personal service of the FAC, by way of a process server, on Moss. (ECF No. 33.) Moss did not file an answer within twenty-one days, and, after providing

---

[1] BitTorrent is a peer-to-peer file-sharing protocol used to distribute data over the Internet.

Page 2- FINDINGS AND RECOMMENDATION

Moss a notice of default dated August 2, 2016, Plaintiffs moved for entry of default, which the clerk entered on September 21, 2016.[2] (ECF Nos. 34, 37, 39.)

Plaintiffs now seek entry of default judgment, permanently enjoining Moss from engaging in infringing activity and awarding statutory damages "of at least $1,500 to give the statute full force and effect and indicate to the general public that Plaintiffs' claims and these proceedings should not be disregarded or ignored." (Pls.' Mot. Default J. 2.)

## LEGAL STANDARDS

Rule 55(b) of the Federal Rules of Civil Procedure authorizes a court to enter default judgment against a party whose default has been entered by the clerk.[3] Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations of fact in the plaintiff's complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). However, "a defendant's default does not in itself warrant the court in entering a default judgment," and it "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Const. Co., Ltd., v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

---

[2] The Court appointed pro bono counsel to represent Moss at no cost to Moss, but pro bono counsel "received no response" from Moss. (ECF Nos. 19, 24, 25.)

[3] Under Rule 55(a), the clerk of court is required to enter an order of default if a party against whom affirmative relief is sought has failed timely to plead or otherwise defend an action. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Page 3- FINDINGS AND RECOMMENDATION

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, courts in this circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *See J&J Sport Prods., Inc. v. Salas*, No. 13-cv-05553, 2015 WL 3429153, at *2 (N.D. Cal. May 27, 2015). The *Eitel* factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the operative complaint, (4) the sum of money at stake in the litigation, (5) the possibility of dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id*. at 1472 (citation omitted).

## DISCUSSION

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066-67 (9th Cir. 2013) (quoting *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003)). The factual allegations set forth in Plaintiffs' FAC, which must be taken as true upon default, establish these elements in the present case. (First Am Compl. ¶¶ 6-18.) Accordingly, the Court concludes that a judgment of default is appropriate under the circumstances presented here. *See Voltage Pictures, LLC v. Martinez*, No. 3:15-cv-00002-AC, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015) (concluding that default judgment was appropriate where the factual allegations in the

amended complaint, taken as true upon default, established that the two elements of a copyright claim were met).

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If the Court determines that the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (citation omitted). Ultimately, however, the district court is vested with a considerable amount of discretion in setting the amount of statutory damages. *See id.* at 1010 ("The district court has wide discretion in setting the amount of statutory damages under the Copyright Act."); *Broad. Music, Inc. v. Crocodile Rock Corp.*, 634 F. App'x 884, 885-86 (3d Cir. 2015) (explaining that courts "have wide discretion in determining statutory damages," and so long as the "statutory damages award falls within the statute's prescribed limits," any subsequent review "is even more deferential than abuse of discretion"). Here, taking the allegations in the FAC as true, as it must, the Court finds that Moss willfully infringed Plaintiffs' copyrights. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("The district court entered default and [defendant] concedes that its default occurred with respect to a complaint that pled willfulness. Thus, all factual allegations in the complaint are deemed true, including the allegation of [defendant's] willful infringement of [Plaintiff's] trademarks.").

Turning to the question of damages, Plaintiffs concede that the economic damages suffered as a result of Moss's infringing activity are highly speculative and incalculable. (Pls.' Mot. Default

J. 5.) Plaintiffs are also aware that judges in this district regularly award the statutory minimum $750 damage award in similar cases. *See Martinez*, 2015 WL 4772856, at *2 (so stating in a copyright case brought by Plaintiffs' current counsel); *see also Glacier Films (USA), Inc. v. Tenorio*, No. 3:15-cv-01729-SB, 2016 WL 3766465, at *3 (D. Or. June 22, 2016) (awarding the statutory minimum of $750 on entry of default judgment in copyright case); *Glacier Films (USA), Inc. v. Gallatin*, No. 3:15-cv-01632-SB, 2016 WL 3148401, at *3 (D. Or. May 12, 2016) (same); *Countryman Nevada LLC v. Suarez*, 6:15-cv-0436-SI, 2016 WL 5329597, at *3 (D. Or. Sept. 22, 2016) (same). Nevertheless, Plaintiffs maintain that the statutory damage awarded in this case "should not be . . . anything close to the statutory minimum in damages" in order to effect the intent of Congress, deter individuals from engaging in similar conduct, and to punish Moss for her disregard of these proceedings.[4] (Pls.' Mot. Default J. 5-7.)

The arguments advanced by Plaintiffs in support of a statutory damage award in an amount not "anything close to the statutory minimum" are not persuasive. (Pls.' Mot. Default J. 7.) First, this Court has already rejected Plaintiffs' argument that a high damage award is necessary for deterrence:

> [C]ommon sense supports a conclusion that a $750 financial penalty for illegal downloading one movie is more than sufficiently punitive to deter others from illegally downloading free movies on the BitTorrent network. With knowledge that it will now cost $750 to watch a single movie on the BitTorrent network, consumers should be motivated instead to spend a few dollars to rent the same movie legally.

*Gallatin*, 2016 WL 3148401, at *3.

---

[4] Plaintiffs requested damages "in the amount of at least $1,500" (Pls.' Mot. Default J. 2), but subsequently argued that Defendant's conduct "should not be rewarded by an award of anything close to the statutory minimum in damages and warrants a sum of greater than the minimum of $750 per copyright infringed." (Pls.' Mot. Default J. 6-7.) It is the latter argument the Court addresses here.

Page 6- FINDINGS AND RECOMMENDATION

Second, the Court is not persuaded that, under the circumstances in this case, a significant damage award is necessary "to give the statute full force and effect." The purpose of the remedy provisions of the Copyright Act is "to provide adequate compensation to the copyright holder and to discourage wrongful conduct and deter infringements." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 520 (9th Cir. 1985) (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952)). With regard to adequate compensation, Plaintiffs' capture data demonstrates that Moss "distributed" a portion of *The Cobbler* 42 times and a portion of *Good Kill* 111 times.[5] (Crowell Decl. Ex. 1.) *The Cobbler* and *Good Kill* are available for rental at Redbox for $1.50 per day.[6] *See* www.redbox.com (last visited on December 19, 2016). Thus, Plaintiffs can establish only that they suffered roughly $63 and $167, respectively, in damages from Moss' copyright infringement, and yet the Court must order Moss to pay $750 in damages to each Plaintiff. A $1,500 total damage award to compensate for a loss of approximately $230 attributable to Moss' conduct is "adequate compensation" for Plaintiffs' loss. *Frank Music Corp.*, 772 F.2d at 520.

Finally, with respect to Plaintiffs' request for a high damage award based on Moss' disregard of these proceedings, this Court previously recognized that a defendant's decision not to defend does

---

[5] Once a user has downloaded a movie using the BitTorrent protocol, portions of the movie are automatically shared with others in the swarm until the user manually disconnects from the swarm. *See Diabolic Video Prod., Inc. v. Does 1-2099*, No. 10–CV–5865–PSG, 2011 WL 3100404, at *2 (N.D. Cal. May 31, 2011). Thus, each distribution of a movie using the BitTorrent protocol is not a separate, intentional act, but a function of downloading a movie and not disconnecting from the swarm.

[6] Alternatively, *The Cobbler* is available to watch for free with a Netflix subscription. *See* www.netflix.com (last visited Nov. 30, 2016).

not warrant an "enhanced statutory damages" award. *Gallatin*, 2016 WL 3766465, at *3 (finding that "some individuals may choose to default merely due to the cost of federal court litigation").[7]

In sum, Plaintiffs have failed to present evidence to demonstrate that the infringing conduct in this action differs from the several other actions in which judges in this district have awarded the minimum statutory damages. Accordingly, the Court recommends that the district judge award statutory damages in the amount of $750 per Plaintiff, and enter a permanent injunction consistent with the injunctions entered in related BitTorrent copyright cases. *See Martinez*, 2015 WL 4772856, at *4 (reaching a similar result); *Gallatin Films*, 2016 WL 3148401, at *3 (same).

## CONCLUSION

For the foregoing reasons, the district judge should grant Plaintiffs' Motion for Default Judgment (ECF No. 41).

//
//
//
//
//
//
//
//

---

[7] If Moss misunderstood the implications of her decision not to appear and defend in this action, she may file a motion to set aside the default judgment. Pursuant to Rules 55(c) and 60(b), a party may file a motion for relief from a default judgment, but must do so within a year after judgment enters. Fed. R. Civ. P. 55(c), 60(b)-(c).

Page 8- FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 19th day of December, 2016.

_____
STACIE F. BECKERMAN
United States Magistrate Judge